**BOARD OF COUNTY COMMISSIONERS OF TRUMBULL COUNTY, APPLICATION of In Re.**

Board of Tax Appeals.

No. 8773. Decided October 27, 1944.

No appearance of counsel for either side.

**ENTRY**

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an application filed herein by the Board of County Commissioners of Trumbull County, Ohio, under date of July 29, 1944, for the exemption of certain real property described as being a part of Sublot 14 consisting of .6,227 acre located on Mahoning Avenue in Champion Township Taxing District in said county. This application for tax exemption was considered by the Board of Tax Appeals together with an application therewith filed by said Board of County Commissioners for the remission of taxes and penalties on the property for the tax year 1943, which application for tax remission has been filed as Case No. 8774 on the docket of this Board.

This application for tax exemption and the application for tax remission, herein above referred to, were heard by the Board upon said several applications, upon the evidence offered and introduced in support of these applications on a hearing thereof at Youngstown, Ohio, under date of October 11, 1944, and upon other information furnished by the appellant which is in the files of these cases.

The Board of Tax Appeals on consideration of these applications thus heard and submitted, finds that the Board of County Commissioners of Trumbull County, Ohio, owned the above described property on tax lien date in the year 1944 and inasmuch as at this time this property was being used by the county exclusively for public purposes, to wit, as a juvenile detention home, such property is clearly entitled

to exemption from taxation for the tax year 1944; and the Board of Tax Appeals acting under the authority conferred upon it by §5570-1 GC, is authorized to consent to the exemption of this property for the year 1944 if, under the facts in this case, the Board is likewise authorized to remit the taxes and penalties on this property for the tax year 1943.

As to this it appears that the Board of County Commissioners purchased this property from one Katherine M. Holt under a land contract which was executed by the parties thereto under date of December 7, 1942. Under the terms of this land contract the Board of County Commissioners agreed to purchase the above described property from Katherine M. Holt and to pay her for the same the sum of $8,750.00 in the following manner, as set out in said contract:

"$120.00 cash in hand, receipt whereof is hereby acknowledged, and also pay $120.000 on or before the first day of February, 1943, and on or before the first day of each month thereafter until April 1, 1944, on which date the balance of the purchase price is to be paid in full. Said monthly payments include $100.00 which is to be applied on the pricipal and interest remaining unpaid, and the balance of said monthly payment is to be applied towards the taxes and insurance due on said parcel of land, which is to be paid by the Party of the First Part, until April 1, 1944. Interest is to be paid by the Parties of the Second Part from January 1, 1943, at the rate of 4% per annum on the unpaid balance, to be credited quarterly, on April 1, July 1, October 1, and January 1 of each year. Possession is to be given January 1, 1943."

In and by this land contract the parties further contracted and agreed as follows:

"It is agreed between the parties that when all of the payments above specified have been made, Party of the First Part shall furnish and deliver to Parties of the Second Part a good and sufficient warranty deed of said premises, transferring the title to Parties of the Second Part, their successors or assigns, with a certificate of title extended to the date of transfer, showing the property be free and clear from any and all encumbrances.

"Party of the First Part agrees to pay all taxes and assessments levied for the years 1942 and 1943 on the property as it now stands, and Parties of the Second Part shall pay any increase in taxes for the year 1943 and thereafter due to the

increase in valuation by the addition to the present buildings or by the addition of new buildings on said premises. Parties of the Second Part shall also pay any increase in insurance premiums by reason of the change in the character of the use of said premises and shall assume all liability arising from the use of said premises from the time Second Parties take possession thereof."

Payments were made by the Board of County Commissioners to the owner of the property, under this land contract as follows:

| "DATE PAID | MONTH | AMOUNT |
|---|---|---|
| December 7, 1942 | January | $120.00 |
| February 1, 1943 | February | 120.00 |
| March 8, 1943 | March | 120.00 |
| March 22, 1943 | April | 120.00 |
| April 26, 1943 | May | 120.00 |
| May 17, 1943 | June | 120.00 |
| July 19, 1943 | **July** | **120.00** |
| August 2, 1943 | August | 120.00" |

On September 3, 1943, the Board of County Commissioners paid to Katherine M. Holt the balance due on the purchase price of this property and on or about this time received from Mrs. Holt the warranty deed conveying this property to said Board of County Commissioners or to Trumbull County, Ohio. It thus appears that on or before tax lien date in the year 1943 the Board of County Commissioners paid to Mrs. Holt under this land contract the sum of $480.00, $400.00 of which were paid on the purchase price of the property and $80.00 of which were paid to Mrs. Holt for the purpose of paying the taxes and insurance on the property. In this situation the Board of County Commissioners on tax lien date in the year 1943 had an equitable estate and interest in this property equal to the amount of the purchase money paid under the contract up to that time; and on said date Katherine M. Holt, the vendor, owned and held not only the legal title to this property, but a beneficial estate and interest in the property to the extent of the unpaid purchase money. See **Coggshall v The Marine Bank Company, 63 Oh St 88.** In this situation it cannot be said that the Board of County Commissioners was the owner of this property on tax lien date in the year 1943; neither can it be said that at this time Mrs. Holt was a mere naked trustee for the Board

of County Commissioners with respect to this property. Coggshall v The Marine Bank Company, supra.

Although under the facts as presented to the Board of Tax Appeals in this case it appears that the Board of County Commissioners or Trumbull County was using this property exclusively for public purposes during the whole of the year 1943, the Board of Tax Appeals is of the view that this property was not entitled to exemption from taxation for the tax year 1943 and this for the reason that the property was not owned by the Board of County Commissioners or by Trumbull County on tax listing date in said year. As to this it may be said that before this property could be held to be exempt from taxation for the year 1943 it must appear that the ownership and use of the property at that time were such as to satisfy the terms of §5351 GC, which section, read in the light of the applicable provisions of §2, **Art. XII** of the state **Constitution,** provides that public property used exclusively for a public purpose shall be exempt from taxation. **Pfeiffer v Jenkins, 141 Oh St 66, 68.** Construing the provisions of §5351 GC, the Supreme Court of this state in the case of **Columbus Metropolitan Housing Authority v Thatcher, Aud., 140 Oh St 38,** held:

"The exclusive use for a public property must coincide with public ownership of property to entitle such property to exemption from taxation."

That the public ownership of property must coincide with the public use of the same to entitle such property to exemption from taxation under the provisions of §5351 **GC,** is likewise distinctly held by the Supreme Court in the case of **Toledo v Jenkins, 143 Oh St 141, 158, 159.** Inasmuch as in this view it cannot be said that the taxes on this property for the year 1943 accrued while this property was both owned and used for a tax exemptible purpose, the Board of Tax Appeals is not authorized to remit these taxes. In this situation it follows that the taxes on the property for the year 1943 became a lien thereon and as of tax listing day in said year. **Sec. 5671 GC.** And it follows further that since the taxes and penalties on the property for the year 1943 are not paid, the Board of Tax Appeals under the provisions of §5570-1 **GC,** is not authorized to make an order consenting to the exemption of this property from taxation for the tax year 1944. **Ursuline Academy of Cleveland v Board of Tax Appeals, 141 Oh St 559.**

It is, therefore, by the Board of Tax Appeals considered and ordered that the application filed herein by the Board

of County Commissioners of Trumbull County, Ohio, for the exemption from taxation of the above described property be, and the same hereby is, dismissed.